UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GIUSEPPE GENNA, *pro se*,          :
                                    :
            Plaintiff,            :   **MEMORANDUM AND ORDER**
                                    :   07-cv-2435(DLI) (LB)
        -against-              :
                                    :
SUNY DOWNSTATE MEDICAL              :
CENTER,                             :
                                    :
            Defendant.            :
-------------------------------------------------------X

**DORA L. IRIZARRY, United States District Judge**:

      Plaintiff Giuseppe Genna, a former employee of Defendant SUNY Downstate Medical Center ("SUNY"), filed the instant *pro se* action alleging claims of discrimination arising under the Age Discrimination in Employment Act of 1967, 81 Stat. 602, as amended, 29 U.S.C. § *et seq*. (1994 ed. and Supp. III) ("ADEA") and Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000(e) *et seq* ("Title VII"). Additionally, the *pro se* complaint can be construed broadly to allege a claim under Title I of the Americans with Disabilities Act of 1990, 104 Stat. 330, 42 U.S.C. §§ 12111-12117 ("ADA"). Plaintiff alleges discrimination on the basis of race, color, age, and disability. Plaintiff's discrimination claims include failure to promote, failure to accommodate, termination, and retaliation. Defendant filed the instant motion seeking dismissal of the complaint contending that (I) Eleventh Amendment sovereign immunity bars all claims against SUNY under the ADEA and the ADA, (ii) Plaintiff's Title VII discrimination claims are untimely, and (iii) Plaintiff's Title VII retaliation allegations fail to state a claim upon which relief can be granted. For the reasons set forth below, Plaintiff's complaint is dismissed in its entirety without leave to amend.

1

BACKGROUND

The following facts are undisputed and taken from the complaint and its attachments unless otherwise noted. Plaintiff began working as a Laborer in SUNY's Carpentry Shop on February 11, 2002. Plaintiff alleges that SUNY discriminated against him on the basis of his race, color, age, and disability and that this discriminatory conduct occurred between approximately February 11, 2002 and May 13, 2005. Plaintiff alleges that SUNY engaged in the following discriminatory acts: termination of employment, failure to promote, failure to accommodate his disability, and retaliation.

Plaintiff filed an internal complaint on December 9, 2004, alleging discrimination occurring in April 2004. Plaintiff ceased reporting to work on June 7, 2005,[1] due to health problems. SUNY terminated plaintiff effective August 15, 2006, due to cumulative unexcused absences. *See* Def. Mem. at 4. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on February 12, 2007. In a notice of dismissal dated March 26, 2007, the EEOC dismissed plaintiff's complaint for lack of jurisdiction due to failure to timely file.

DISCUSSION

**I.  Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal of a complaint for "failure to state a claim upon which relief can be granted, " in lieu of an answer. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). In *Bell Atlantic Corp.*

---

[1] The complaint indicates that plaintiff ceased working for SUNY on either May 13, 2005 or June 7, 2005. The date most favorable to plaintiff is June 7, 2005, as such, the analysis in this opinion is premised on this more favorable date.

2

*v. Twombly*, the Supreme Court retired the standard set forth half a century ago in *Conley v. Gibson*, that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," in favor of the requirement that plaintiff plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. 1955, 1968-69, 1974 (2007) (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). To be facially plausible, a complaint cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted). The Second Circuit interpreted *Bell Atlantic* to "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*," rather than to mandate a "universal standard of heightened fact pleading." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

When material outside the complaint is "presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). For the purposes of this rule, however, the complaint is deemed to include writings and documents attached to the complaint, referenced in the complaint, or integral to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); Fed. R. Civ. P. 10©. A document is "integral" to the complaint if "the complaint relies heavily upon its terms and effects." *Chambers*, 282 F.3d at 153 (citations omitted). "A plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal

motion; mere notice or possession is not enough." *Id*. (emphasis in original).

Plaintiffs are harmed when material outside a complaint is considered on a motion to dismiss because they lack notice that such consideration is taking place. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). Rule 12(d)'s conversion requirement remedies this problem by "deter[ring] trial courts from engaging in fact finding when ruling on a motion to dismiss and ensur[ing] that when a trial judge considers evidence dehors the complaint, a plaintiff will have an opportunity to contest defendant's relied-upon evidence by submitting material that controverts it." *Id*. Accordingly, where there is actual notice by the opposing party of all the information in the movant's papers, the necessity to convert a motion to dismiss to one for summary judgment is largely dissipated. *Chambers*, 282 F.3d at 153.

## II. Application

### A. Plaintiff's ADEA and ADA Claims

Construing this *pro se* complaint broadly, Plaintiff alleges claims against SUNY arising under both the ADEA and Title I of the ADA. *See* Compl. at ¶ 4. Under the ADEA, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Under Title I of the ADA, it is unlawful for an employer to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

4

Not all employers are subject to suits under these acts. The Eleventh Amendment prohibits federal actions against states and their agencies unless the state in question unequivocally waived its immunity or Congress unequivocally abrogated immunity. *See generally, Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (holding that states are immune from claims under § 1983). This immunity extends to actions brought under the ADEA, *see Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91-92 (2000) (holding that states are immune from suits by individuals brought under the ADEA); as well as the ADA, *see Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (reversing and holding that states are immune from Title I claims brought under the ADA). SUNY, as an arm of New York State, is entitled to New York's immunities. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (holding that "SUNY is an integral part of the government for the State of New York and when it is sued the State is the real party") (internal quotation marks omitted). SUNY, like New York State, is immune from suit under the ADEA and Title I of the ADA. Plaintiff's ADEA and ADA claims are dismissed with prejudice.

### B. Plaintiff's Title VII Discrimination Claims

Under Title VII, individuals must file complaints with the EEOC within 300 days of the alleged discriminatory conduct. *See Williams v. New York City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006). Claims based on conduct occurring more than 300 days before the filing of an EEOC complaint are time-barred. *See Butts v. New York City Dep't of Hous. Preserv. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), abrogated by statute on other grounds, *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 693 (2d Cir. 1998). "[D]iscrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113.

5

Plaintiff filed his complaint with the EEOC on February 12, 2007,[2] making the cut-off for relevant conduct April 18, 2006. The complaint alleges that SUNY engaged in discriminatory acts from approximately February 11, 2002 until May 13, 2005. (*See* Compl. ¶ 5.) This alleged discriminatory conduct, which began and ceased long before April 18, 2006, cannot support a claim of discrimination. Plaintiff's discrimination claims are dismissed with prejudice as untimely.

C. **Plaintiff's Title VII Retaliation Claims**

Title VII prohibits employers from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e -3(a). To establish a *prima facie* claim for retaliation, a plaintiff must demonstrate that (I) the plaintiff engaged in protected activity, (ii) that the employer was aware of that activity, (iii) that the employee suffered adverse employment decisions, and (iv) that there was a causal connection between the protected activity and the adverse employment action. *See Collins v. New York City Trans. Auth.*, 305 F.3d 113, 118 (2d Cir. 2002). At this stage, a plaintiff's burden of proof is *de minimus*; however, the plaintiff must demonstrate that "the circumstances of his termination . . . give rise to or support an inference of discrimination or retaliation." *Id.* To establish a causal connection, a plaintiff must allege (I) direct proof of retaliatory animus directed against the plaintiff, (ii) disparate treatment of similarly situated employees, or (iii) that the

---

[2] Plaintiff alleges that he filed a complaint with the EEOC on January 27, 2007. The EEOC complaint is stamped as received on February 12, 2007. (*See* Compl. Attach.) Further, Plaintiff had his EEOC complaint notarized on February 7, 2007. To resolve this motion, the court deems the EEOC complaint as filed on February 12, 2007; however, the court notes that, even if the court deemed the EEOC complaint as filed on January 27, 2007, it would be untimely.

retaliatory action occurred close in time to the protected activities. *See McNair v. New York City Health & Hosp. Co.*, 160 F. Supp. 2d 601, 604-05 (S.D.N.Y. 2001) (citing *DeCintio v. Westchester Co. Med. Ctr.*, 812 F.2d 111, 115 (2d Cir. 1987).

Plaintiff failed to allege a causal relationship between his participation in protected activity and the only discriminatory conduct within the relevant period—his termination. The complaint is void of any facts alleging retaliatory animus surrounding his termination or alleged disparate treatment. Further, Plaintiff cannot rely on temporal proximity to establish a causal connection. Plaintiff participated in protected activity when he filed an internal grievance on December 9, 2004. (*See* Compl. Attach.) Plaintiff did not allege participation in any protected activity after the filing of his grievance. Defendant terminated Plaintiff on August 15, 2006. This eighteen-month lapse between the filing of his grievance and his termination does not support a causal connection. "[D]istrict courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation." *E.g.*, *Murray v. Visiting Nurse Servs. of N.Y.*, 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007). Plaintiff cannot establish causation based on temporal proximity and Plaintiff failed to allege retaliatory animus or disparate treatment. Plaintiff's Title VII retaliation claim is dismissed with prejudice.

D. **Leave to Amend**

Ordinarily, courts should grant leave to *pro se* plaintiffs, at least once, to amend their complaints. If repleading would be futile; however, courts should refrain from granting leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend). In light of the infirmities of the instant complaint, the court declines to afford plaintiff leave to amend. The

court must conserve its time and resources to resolution of procedurally sound claims.

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed with prejudice and without costs to the parties.

SO ORDERED.

Dated: Brooklyn, New York
       August 10, 2008

/s/
Dora L. Irizarry
United States District Judge